UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL ANGEL VERGARA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

Case No. 17-cv-11883
Related to 13-cr-20515

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE [#128] AND ORDERING AN EVIDENTIARY HEARING

### I. INTRODUCTION

Pending before the Court is Petitioner Miguel Angel Vergara's Motion to Vacate Sentence. Dkt. No. 128. Petitioner argues ineffective assistance of counsel because his lawyer allegedly did not properly investigate facts of his case at trial. *Id.* at pg. 4 (pg. ID 545). Petitioner also argues ineffective assistance of counsel because his lawyer allegedly did not file a timely notice of appeal after Petitioner told his lawyer he wanted to appeal. *Id.* at pg. 5 (pg. ID 546). For the reasons that follow, this Court will deny Petitioner's Motion to Vacate on grounds that Petitioner's attorney did not properly investigate. However, this Court will hold a hearing on Petitioner's Motion to Vacate for allegedly not filing a timely notice of appeal.

1

## II. FACTUAL BACKGROUND

On June 15, 2016, Petitioner pleaded guilty to conspiracy to distribute a controlled substance. Dkt. No. 124, pg. 1 (Pg. ID 481). That same day, this Court sentenced Petitioner to 108 months in prison. Dkt. No. 128, pg. 1 (Pg. ID 542). Petitioner did not appeal from the judgment of conviction. *Id.* On June 13, 2017, Petitioner filed the present Motion to Vacate Sentence. Dkt. No. 128. The government responded to the Motion on September 28, 2017. Dkt. No. 136. Petitioner did not file a timely reply.

## III. LEGAL STANDARD

A Court will grant relief under 28 U.S.C. § 2255 if there was: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *U.S. v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). "Ineffective assistance of counsel claims fall within the first of these three categories." *Id.*

## IV. DISCUSSION

**<u>Ineffective Assistance of Counsel</u>**

Petitioner argues that he received ineffective assistance of counsel because his lawyer did not properly investigate evidence against him. Dkt. No. 128, pg. 4

(Pg. ID 545). Petitioner also argues that his lawyer did not appeal his case, even though Petitioner told his lawyer that he wanted to appeal. *Id.* at 5 (Pg. ID 546).

To succeed on an ineffective assistance of counsel claim, a movant must show that "his counsel's performance fell below an objective standard of reasonableness"; and that the performance prejudiced the movant's case. *U.S. v. Doyle*, 631 F.3d at 817.

### *Failure to Investigate*

First, Petitioner claims that his lawyer failed to investigate evidence against him properly. Dkt. No. 128, pg. 4 (Pg. ID 545). To succeed, Petitioner must demonstrate that his lawyer's alleged failure to investigate fell below an objective standard of reasonableness. Petitioner must also demonstrate that the alleged failure to investigate prejudiced his case.

To show a lawyer's performance fell below an objective standard of reasonableness is a high burden. There is a strong presumption that an attorney's conduct was reasonable. *McMullan v. Booker*, 761 F.3d 662, 672 (6th Cir. 2014). In other words, there is a wide range of reasonable professional assistance. *Davis v. Carpenter*, 798 F.3d 468, 473 (6th Cir. 2015).

In his Motion to Vacate, Petitioner does not allege any specific manner in which his lawyer's performance fell below an objective standard of

3

reasonableness. His Motion simply states: "My defense counsel rendered ineffective assistance of counsel where [sic] did not properly investigate the evidence against me, basically the evidence relative to the stash house." Dkt. No. 128, pg. 4 (Pg. ID 545). Petitioner does not explain why his lawyer's choices related to gathering evidence about the stash house were unreasonable. Nor does he explain what his lawyer did relating to gathering evidence that should have been different. This court must presume that the conduct of Petitioner's lawyer was reasonable. Therefore, without further explanation from Petitioner about his lawyer's conduct, this Court must assume his lawyer acted within reason. In conclusion, Petitioner has failed to meet his burden in establishing that his lawyer's conduct in investigating the stash house evidence was objectively unreasonable.

To show that a lawyer's conduct was prejudicial in the plea context, a movant must show "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Pola*, 703 Fed. App'x 414, 417–18 (6th Cir. 2017). In the case of alleged improper investigation of evidence, a movant is prejudiced if the "discovery of evidence would have led counsel to change his recommendation as to the plea." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, it appears that Petitioner is claiming that if his counsel had investigated evidence properly, Petitioner would have refused to take a plea and

would have gone to trial. However, Petitioner does not explicitly state in what way he was prejudiced. So the Court is unclear whether Petitioner is claiming that he would have gone to trial had his lawyer properly investigated, or whether he would have accepted a different/earlier plea deal.

Petitioner does not state any specific facts that support a reasonable probability he would have gone to trial if his lawyer provided better assistance. Petitioner's Motion does not set forth any facts relating to his attorney's alleged investigatory failures at all. *See* Dkt. No. 128, pg. 4 (Pg. ID 545). Nor does Petitioner state how his attorney should have performed differently such that Petitioner would have gone to trial instead of pleading guilty. In short, Petitioner has not stated in any manner how his lawyer failed to do what an effective lawyer would have done. This Court finds that Petitioner has not set forth enough facts to support a finding of prejudice. In conclusion, this Court holds that Petitioner has failed to prove ineffective assistance of counsel based on failure to properly investigate. Petitioner has not shown that his lawyer provided deficient performance or that his lawyer's performance prejudiced his case.

*Failure to File an Appeal*

Second, Petitioner claims that his lawyer provided ineffective assistance of counsel because he did not file an appeal. Dkt. No. 128, pg. 5 (Pg. ID 546).

5

Petitioner asserts that he told his lawyer he wanted to appeal his sentence. *Id.* However, Petitioner's lawyer asserts that Petitioner told him he did not want to appeal. Dkt. No. 136, pg. 7 (Pg. ID 574).

When a defendant presents facts that are "neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it, the defendant is entitled to an evidentiary hearing." *Pola v. U.S.*, 778 F.3d 525, 532–33 (6th Cir. 2015) (internal quotations omitted). There is a factual dispute in this case. Petitioner's Motion states that he asked his lawyer to file an appeal and his lawyer did not comply. This assertion is not contradicted by the record nor is it inherently incredible such that there is no way this Court could believe it. The government only offers the contrary representation of Petitioner's lawyer that contradicts Petitioner. Therefore, this Court concludes that it must hold an evidentiary hearing to determine if Petitioner's lawyer failed to file an appeal after Petitioner requested him to.

## V. Conclusion

For the reasons discussed herein, the Court will deny Petitioner's Motion to Vacate Sentence on grounds that his lawyer failed to properly investigate. The Court will hold an evidentiary hearing on Petitioner's Motion to Vacate on grounds that his lawyer failed to file an appeal.

SO ORDERED.

Dated:  January 5, 2018                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge