UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL ANGEL VERGARA,

    Defendant.

                                     /

Case No. 13-cr-20515

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER SUPPLEMENTING THE COURT'S JANUARY 5, 2018 OPINION AND ORDER DENYING IN PART DEFENDANT'S MOTION TO VACATE SENTENCE**

**I. INTRODUCTION**

On June 15, 2016, Defendant Miguel Angel Vergara was sentenced to a term of 108 months in the Bureau of Prisons after pleading guilty to a Conspiracy to Distribute 500 Grams or More of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a) and 846. Roughly one year later, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 128. Defendant's Motion raised two ineffective assistance of counsel claims, the first of which the Court Denied in an Opinion and Order entered on January 5, 2018. Dkt. No. 140. Defendant's second claim -- that defense counsel failed to file a timely appeal of his sentence upon request -- required the Court to hold an evidentiary hearing, which it did on

June 27 and June 28, 2018. *See* Dkt. Nos. 148 & 149. For the reasons set forth below, the Court will DENY that claim, and consequently, DENY Defendant's Motion to Vacate Sentence [#128] in full.

## II. BACKGROUND

On November 9, 2015, Defendant entered a guilty plea to the charge of Conspiracy to Distribute 500 Grams or More of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a) and 846. At the plea hearing, and in Defendant's presence, both parties agreed that Defendant faced a mandatory minimum sentence of 60 months; that the most he could receive under the Plea Agreement was 120 months; and that if the sentence imposed did not exceed 120 months, he would waive any right he had to appeal his sentence. *See* Dkt. No. 145, pp. 4, 6, 8 (Pg. ID 603, 605, 607). The Court then informed Defendant, specifically, that at the time of sentencing, it would not only be looking at the mandatory minimum, but also the Sentencing Guidelines range and other statutory provisions. *See id.* at p. 16 (Pg. ID 615). When asked if he understood, Defendant replied, "Yes." *See id.*

Defendant's sentencing took place on June 15, 2016. *See* Dkt. No. 126. At the hearing, and again in Defendant's presence, both parties agreed that the Sentencing Guidelines range for Defendant's conviction was 87 to 108 months. *See id.* at pp. 37-38 (Pg. ID 527-28). The Court imposed a sentence at the top of that range. *See id.* at p. 48 (Pg. ID 538). Before going off the record, the Court

advised Defendant that while he had effectively waived the right to challenge his sentence, he did retain a limited right to appeal. *See id.* at pp. 49-50 (Pg. ID 539-40). The Court then instructed Defendant that if he chose to pursue such an appeal, he would need to take the necessary steps within 10 or 14 days. *See id.*

In his Motion to Vacate Sentence, Defendant alleges his trial counsel -- Elias Escobedo -- failed to file a timely notice of appeal after being instructed to do so. Dkt. No. 128, p. 5 (Pg. ID 546). At the evidentiary hearing on his Motion, Defendant clarified that he never spoke with Mr. Escobedo directly about filing an appeal. *See* Dkt. No. 148, pp. 25-26 (Pg. ID 649-50). Rather, he had his wife call Mr. Escobedo roughly one week after sentencing, and counsel allegedly told her there was no basis to appeal. *See id.* at pp. 13, 25-26 (Pg. ID 637, 649-50). Mr. Escobedo offered a different account, emphasizing that immediately after sentencing, he asked Defendant if he wanted to file an appeal and Defendant replied, "there's no reason to." *See* Dkt. No. 149, p. 17 (Pg. ID 675). When questioned about whether Defendant's wife called him following the sentencing hearing, Mr. Escobedo testified that he had no recollection of such a call. *See id.*

### III. LEGAL STANDARD

28 U.S.C. § 2255 provides prisoners with a mechanism to raise collateral attacks on their sentence. *See* 28 U.S.C. § 2255(a). Unless the prisoner's motion conclusively shows that they are entitled to no relief, the court shall notify and

serve the United States attorney, grant a prompt hearing, and determine the issues -- making findings of fact and conclusions of law. *See* 28 U.S.C. § 225(b). If the court finds that a judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner such as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. *See id.*

## IV. DISCUSSION

The matter currently before the Court ultimately boils down to a question of credibility. Defendant maintains that he expressed a desire to appeal his sentence while Mr. Escobedo contends the opposite. Under such circumstances, "[t]he question of credibility is one for the determination of the trier of facts." *Bayken v. United States*, 272 F.2d 186 (6th Cir. 1959). And importantly, the burden of proof is on Defendant. *Id.* Here, Defendant has failed to meet his burden.

Critically, Defendant's claim rests on the credibility of his wife, who he insists reached out to Mr. Escobedo and informed him of Defendant's desire to file an appeal. But Defendant failed to call his wife as a witness, thereby preventing her from attesting to this conversation under oath. To believe Defendant's

testimony would necessarily require the Court to find his wife credible. The Court has no basis for such a finding.

In contrast, Mr. Escobedo testified that immediately after Defendant was sentenced, he asked Defendant whether he wanted to file an appeal. This makes sense considering that moments earlier, the Court had apprised Defendant of his limited right to appeal. According to Mr. Escobedo, Defendant said he saw no reason to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."). Mr. Escobedo also testified that he had no recollection of Defendant's wife calling his office following the sentencing hearing. Having observed his testimony first-hand, the Court finds Mr. Escobedo credible. *See Lovesay v. Hurley*, 2005 WL 2277441, at *15 (S.D. Ohio Sept. 19, 2005) ("Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.").

Of course, even if Defendant initially indicated that he did not want to appeal his sentence, he retained the option to change his mind later. But absent any credible evidence that he expressed this desire to counsel -- either directly or

indirectly -- the Court finds Mr. Escobedo had no further duty to consult with Defendant about his limited rights on appeal.

In *Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. "In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* But "[e]ven in cases whe[re] the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Here, as discussed above, there is no credible evidence in the record suggesting Defendant expressed a desire to file a timely appeal of his sentence. Similarly, there is no support for the position that a rational defendant would have wanted to file an appeal. In reaching this conclusion, it is important to keep in

mind that Defendant pled guilty, and did so pursuant to a Rule 11 plea agreement that contained the following waiver:

> Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence is imposed within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

Dkt. No. 117, p. 8 (Pg. ID 451). Because Defendant received a sentence within the terms of the Plea Agreement, effectively waiving any challenge to his sentence, there was no reason to believe Defendant had a nonfrivolous ground to raise on appeal. Under these facts, Defendant fails to demonstrate how counsel violated the instructions set forth in *Flores-Ortega*. *See* 528 U.S. at 480. Accordingly, the Court will Deny Defendant's ineffective assistance of counsel claim.

## V. CONCLUSION

For the reasons stated herein, the Court will DENY Defendant's Motion to Vacate Sentence [#128].

IT IS SO ORDERED.

Dated: April 9, 2019

                                             s/Gershwin A. Drain
                                             HON. GERSHWIN A. DRAIN
                                             United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 9, 2019, by electronic and/or ordinary mail.

                                         s/Teresa McGovern
                                         Case Manager